## Harmon G. Kreiling, et al., Drainage Commissioners, etc., v. H. R. Northrup, et al.

1. STATUTE OF LIMITATIONS—*how, availed of.* In order to avail of the defense of the Statute of Limitations it must be specially pleaded and unless so pleaded the bar thereof is waived.

2. STATUTE OF LIMITATIONS—*how defense of, may be avoided.* In some cases the defense of the Statute of Limitations may be avoided by a new promise; in others, by the recognition of the right conferred and an attempt to perform the duty imposed.

3. STATUTE OF LIMITATIONS—*when, waived by drainage commissioners.* Drainage commissioners cannot successfully defeat mandamus proceedings to compel the altering, repairing and modification of a drainage system by a reliance upon the Statute of Limitations, where it appears that within the time set up as a bar to the action they have recognized by their conduct their obligations in the premises.

Mandamus proceeding. Appeal from the Circuit Court of Mason County; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed October 14, 1904.

JESSE BLACK, JR., and WILLIAM A. POTTS, for appellants.

LYMAN LACEY, JR., for appellees.

MR. JUSTICE GEST delivered the opinion of the court.

This is a petition by appellees for a writ of mandamus to compel the appellants as commissioners of the Mason and Tazewell Special Drainage District in the counties of Mason and Tazewell to alter, repair and modify said drainage system so as to provide an outlet of ample capacity, to the end that petitioners' lands embraced in said district shall receive the protection and benefit contemplated when said district was formed, and their lands classified. The defendants answered the petition, issues were made, a jury was waived, the cause was heard by the court and a peremptory writ of mandamus was awarded.

The district was formed under what are known as the Farm Drainage Acts, and contains about 42,000 acres of land situate in the counties of Mason and Tazewell. The petitioners' lands constitute a part of what is designated by

the commissioners as the "Red Oak Country in said District." The system of drainage comprises one large main ditch and numerous small ditches extending in various directions and emptying finally into the main ditch. No particular description of the lands or ditches is necessary to an understanding of the questions presented for our determination. Sixteen issues of fact were made up by the pleadings, of which the first, second and third are conceded by appellants to petitioners; the fourth and tenth are admitted to be immaterial; the fourteenth is ignored and the ninth and sixteenth are treated as one, leaving nine issues which are said to be contested. Of these nine issues, counsel for defendants state that the most important is that of the Statute of Limitations, under the thirteenth plea, and that the second most important is raised by the fifteenth plea, under which the issue is whether the lands of petitioners are now drained and protected and now receive the proper and equal benefits as contemplated when the said lands were classified. The Drainage Act, section 17, provides: "Upon the organization of a drainage district, the commissioners shall go upon the lands and determine upon a system of drainage which will provide main outlets of ample capacity for the waters of the district having in view the future contingencies as well as the present." Section 21 provides: "As soon as the plans for the work have been determined, the commissioners shall proceed to make special assessments for benefits by classifying the lands in the district in tracts of forty acres * * * on a graduated scale to be numbered according to the benefits to be received by the contemplated drainage. The tracts which will receive most and about equal benefits shall be marked 100, and such as are adjudged to receive less benefits shall be marked with a less number, denoting its per cent of benefit." Section 41 provides: "After the completion of the work, the commissioners, if they find by reason of error in locating or constructing the ditches or any of them, or from other causes, the lands of the district are not drained or protected as contemplated, or some of

them receive but partial or no benefit, shall use the corpo-
rate funds of the district to carry out the original purpose,
to the end that all the lands so far as practicable, shall re-
ceive their proper and equal benefits as contemplated when
the lands were classified." As we view this case, the two
issues last mentioned raise all the questions involved in this
suit.

As to the first of said two issues, the Statute of Limita-
tions, the statute must be relied upon and must be specially
pleaded. It is waived unless so relied upon and pleaded.
In some cases, as to some matters, it may be avoided by a
new promise. In some other cases, as to some other mat-
ters, it may be avoided by recognition of the right given
and attempt to perform the duty required and imposed.
Such recognition and attempt waive and avoid the statute.
The bar to a right to the payment of money may be re-
moved by the act of part payment, however small, there-
upon; the bar to a right to the performance of a duty may
be removed by the act of part performance, by a begin-
ning to perform. Words in some cases suffice; acts in
some cases suffice. We do not deem it necessary in this
case to search this record to learn definitely whether the
statute had run, previous to the filing by defendants in the
County Court of Exhibits 18, 19, 20 and 21 in evidence in
this case. Those exhibits were so filed September 7, 1900.
The written demands made by petitioners were served on
defendants July 23, 1901, and this suit was commenced
July 24, 1901. Those exhibits show a clear recognition of
right in these petitioners to the relief they seek, and an
attempt by defendants to furnish it. They show a part
performance, a waiver of the statute if the bar then ex-
isted. These exhibits are in substance as follows: Ex-
hibit 18 is a petition by these defendants as such commis-
sioners to the County Court of Mason county, setting up
that several hundred acres of land in said district are not
drained as contemplated when the district was organized;
that the owners of such lands have paid all taxes thereon
due and payable; that their lands are not sufficiently drained

Kreiling v. Northrup.

to make the cultivation thereof profitable; that they are threatening litigation to compel defendants to give said lands the drainage contemplated when said lands were originally classified and assessed; that realizing the necessity and justice of doing this work, they caused the engineer of the district to make a survey and estimate of the work to be done and make a report; they attach his report to their petition as part thereof, and ask an order of the court for them to proceed, and that they be authorized to make an assessment of $4,000 to do the work. The district engineer's report attached to the said commissioners' petition states, among other things, that the further drainage of the lands in question is necessary in order to give them their fair proportion of benefits. Exhibit 19 is the order of the County Court upon the petition finding that the work is necessary and proper and that it is the duty of the commissioners to do it and orders an assessment as prayed. Exhibit 20 is the record of the meeting of the commissioners held September 7, 1900, which states the passage by them of this resolution: " Resolved that a levy of four thousand dollars be and the same is hereby made to construct the work necessary and proper for the reclamation of the lands in what is known as Red Oak Country in said district so that said lands may receive their proper and equal benefits as contemplated when the said lands were classified," and the filing of a certificate for the levy of said sum of money. Exhibit 21 is the special assessment list of plaintiffs' lands in said drainage district which was filed at same time with said petition by said commissioners in the County Court, September 7, 1900.

Laying aside all the evidence introduced by petitioners of conversations with and statements made by the commissioners, for the purpose of showing promises by them to do this work and thereby avoiding the Statute of Limitations, which evidence, we think, was objectionable and should not have been admitted, there remains evidence tending to show that the commissioners prosecuted the work in draining and protecting the lands of plaintiffs as late as 1897

and 1898, within the period of the statute, and this proof, with the action of the defendants as above shown by said exhibits, was sufficient to warrant the court in finding for the petitioners on that issue.

Upon the other issue, as above stated, whether the lands of petitioners are now drained, protected and in receipt of equal benefits as contemplated when they were classified, it appears clear to us from the testimony of the witnesses and the statements of the commissioners and their drainage engineer as shown by said documentary evidence, statements made by them in solemn form, with deliberation, and in the discharge of a serious responsibility, that that issue was also correctly found by the court. There was some evidence received by the court on behalf of petitioners that should have been excluded, and there was some evidence offered by defendants which should have been admitted, but we are not inclined to think that such errors would justify a reversal of this judgment. No argument is made on alleged errors in holding, modifying and refusing propositions of law, and we, therefore, are not called upon to consider them.

It is claimed there is a variance between the demands made and the prayer of the petition. We do not find such variance to exist.

Defendants in their brief state twenty-four points and cite authorities under each. We have noticed and disposed of all points by them presented in their argument. All other points we consider as abandoned by them and not before us for disposition.

It is manifest that although these petitioners have paid all assessments made upon their lands by these commissioners they have not received the benefits contemplated when the lands were classified. The writ of mandamus was properly awarded and the judgment is affirmed.

*Affirmed.*