ARTHUR L. LARSEN COMPANY, INC., Plaintiff-Appellee, *v.* RICHARD G. SHEFNER, Defendant-Appellant.

(No. 74-9;

Second District (1st Division)—April 21, 1975.

Nathan Shefner, of Chicago, for appellant.

Rafael A. Del Campo, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiff completed brick masonry work on a home in November of

1966 pursuant to an oral contract with defendant. Plaintiff filed suit on February 24, 1972, to recover a balance of $1,245 allegedly owed by defendant on the contract and defendant pleaded the defense of the 5-year statute of limitations. (Ill. Rev. Stat. 1971, ch. 83, par. 16.) After a hearing before the court sitting without a jury judgment was entered in favor of the plaintiff for the amount claimed and costs. Defendant appeals.

We review the cause on the basis of an agreed statement of facts in lieu of a report of proceedings, pursuant to Supreme Court Rule 323(d). (Ill. Rev. Stat. 1971, ch. 110A, par. 323(d).) It is stated that the work was completed pursuant to the oral building contract in November of 1966 and that a balance was then due to plaintiff of $1,245. In November of 1966 the defendant acknowledged that he owed that sum at the time of completion. It is further stated that the plaintiff testified that the defendant offered him $600 which was being held in a loan escrow at the time of completion which the plaintiff refused to accept because it entailed giving full waivers; that in the fall of 1971, defendant in a telephone conversation offered him $800 in full satisfaction of the amount claimed but that he again refused the offer; and that defendant testified that he had no recollection of any conversation with plaintiff in the fall of 1971. Nevertheless, it was agreed in the statement that "[d]efendant did not contradict or deny plaintiff's testimony regarding the fall 1971 telephone call whereby defendant offered $800 in full settlement."

Defendant contends that since it was agreed that the suit was filed more than 5 years after the completion of the oral contract it was therefore barred by the statute of limitations. (Ill. Rev. Stat. 1971, ch. 83, par. 16.) Plaintiff answers that defendant, by his actions and subsequent conversation with plaintiff in which he attempted to settle the case for a lesser figure, recognized his obligation and is estopped to raise the defense.

■■ One may be estopped by his conduct from raising the defense of the statute of limitations. (*Sabath v. Morris Handler Co.* (1968), 102 Ill.App.2d 218, 223.) The mere pendency of negotiations during the period of a statute of limitations conducted in good faith and with a view of compromise, however, is not of itself sufficient to show a waiver of the statute and does not estop the defendant from urging the defense. (*Chapman v. Huttenlocher* (1970), 125 Ill.App.2d 39, 45. See also Annot., 44 A.L.R. 3d 482, §§ 3, 4, 8 (1972); Annot., 39 A.L.R. 3d 127, §§ 4, 6 (1971).) But if there is evidence of conduct calculated to lull the claimant into a reasonable belief that the case will be settled without suit and that the defense of the statute of limitations will not be asserted, the issue of equitable estoppel is made for disposition by the

trier of the facts. (*Flagler v. Wessman* (1970), 130 Ill.App.2d 491, 494.) Whether the negotiations and conduct amount to equitable estoppel is more likely to be a factual issue when the liability is not denied and only the amount to be paid is questioned in the negotiations. *Flagler v. Wessman*, 130 Ill.App.2d 494; *Suing v. Catton* (1970), 118 Ill.App.2d 468, 474-475; *Kinsey v. Thompson* (1963), 44 Ill.App.2d 304, 307; *Kreiling v. Northrup* (1904), 116 Ill.App. 448, 450. See also Annot., 39 A.L.R. 3d 127, 142 (1971).

The only record available for our review in this case is the agreed statement. From this record we can, of course, conclude that the suit was filed more than 5 years after the completion of the work and that the defendant did not at any time dispute his liability for the full amount claimed, but offered less in settlement on two different occasions, the last offer being "in the fall of 1971." We must infer that the last conversation was an undetermined number of weeks prior to the unspecified date in November when the statute would have run and that suit was commenced in the matter of 2 or 3 months after plaintiff refused defendant's $800 offer.

■■ We cannot, however, infer from the agreed facts relating to the two settlement offers that the defendant made any statement or conducted himself in any manner calculated to lull the plaintiff into a reasonable belief that the claim would be settled without suit. Likewise, no support can be found in the record that the plaintiff even entertained such a belief. The fact that there were only two conversations between the parties concerning the possibility of settlement which were separated by a span of approximately 5 years weighs heavily against any inference that the plaintiff relied on the defendant's offers in failing to bring his cause of action.

On this record, the finding of the trial court that the statute of limitations was waived by the conduct of the defendant is against the manifest weight of the evidence. We therefore reverse the judgment below and enter judgment here in favor of the defendant.

Judgment in favor of the plaintiff reversed; judgment for the defendant.

GUILD and HALLETT, JJ., concur.