**George W. TURNER, Appellant (Plaintiff below),**

v.

**Leland J. TURNER, Appellee (Defendant below).**

No. 4874.

Supreme Court of Wyoming.

July 27, 1978.

Rex O. Arney, of Redle, Yonkee & Arney, Sheridan, for appellant.

Kim D. Cannon, of Burgess & Davis, Sheridan, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

ROSE, Justice.

This appeal emanates from a summary judgment dismissing appellant's civil action for assault and battery on the ground that it is barred by the Wyoming one-year statute of limitations.[1] Appellant claims circumstances which would deny appellee's resort to the statute or which would at least generate an issue of fact necessitating a trial. We will affirm the summary judgment.

Appellant filed an action on December 8, 1976,[2] for injuries sustained by him as a result of an incident which took place on October 25, 1975. Appellant and appellee are brothers who, with their mother, operate a ranch in Campbell County, Wyoming. According to the depositions and exhibits of the parties, on December 8, 1975, appellant's attorney forwarded a letter to appellee concerning the alleged assault and battery, and indicated therein that:

> "George, of course, has one year from the date you struck him, within which to file an action should he elect to do so."

Thereafter, during the summer of 1976, appellee left several $50.00 checks and an elk license refund check with the brothers' mother, indicating that they were for appellant's medical bills. The checks were never cashed—although appellant's attorney advised him that he could do so—and appellee wrote no further checks. In September, or early October, 1976, appellee offered to pay appellant $3,000.00 for his doctor's bills, if appellant would itemize them. Appellant tendered no itemization because he said appellee made no firm guarantee to pay the bills under such conditions.

On October 6, 1976, appellant sent a letter to his attorney, stating that appellee had "indicated that he would make a cash settlement if I would set him a specific figure," and requesting advice on the matter. According to appellant, the appellee—during the second week of October, 1976—asked if appellant would settle for $20,000.00. Appellee denies that he made such an inquiry—but we must view the evidence in a light most favorable to appellant. In an undated letter to appellee—which appellant says that he sent some 10 days prior to the deadline stated therein—appellant indicated that

> "[i]f you want to settle the damages to me out of court I want $30,000. & will try to work with you on how you pay it. I do

1. Section 1–19, W.S.1957, provided:
   "Within one year an action for libel, slander, assault, battery, malicious prosecution, breach of promise of marriage, or false imprisonment; an action upon a statute for a penalty or forfeiture; but where a different limitation is prescribed in the statute, by which the remedy is given, the action shall be brought within the period so limited."
   The same limitation is now found in § 1–3–105(a)(v)(B), W.S.1977.

2. Appellant concedes that—if not for his estoppel theory—the statutory period expired on October 25, 1976.

expect & demand to know if you want to settle out of court by 11/3/76 if you don't at that time Mr. Arney will be done with the election & will start the court action."

According to appellant, appellee rejected the demand sometime in November, and the suit was thereafter initiated.

On January 7, 1977, appellee filed a motion to dismiss, which was subsequently treated as a motion for summary judgment. Having considered the depositions and exhibits of the parties, as well as the submitted briefs, the trial court made the following findings:

"I.

"No genuine issue as to any material fact exists.

"II.

"That the delay by the Plaintiff commencing the above entitled action was not the result of being misled by the Defendant, and that, therefore, the Doctrine of Equitable Estoppel should not apply."

### EQUITABLE ESTOPPEL

Before determining whether there are any questions of material fact—which would preclude a summary judgment—it is necessary to ascertain the elements required to establish that a party is estopped from asserting the bar of a statute of limitations. This endeavor is a matter of first impression in Wyoming, but we find more than adequate assistance from other jurisdictions. The applicable principles are concisely summarized in *In re Pieper's Estate,* 224 Cal.App.2d 670, 37 Cal.Rptr. 46, 60, as follows:

". . . It is well settled that the doctrine of estoppel *in pais* is applicable in a proper case to prevent a fraudulent or inequitable resort to the statute of limitations. (*Carruth v. Fritch,* 36 Cal.2d 426, 433–434, 224 P.2d 702, 24 A.L.R.2d 1403; *Industrial Indem. Co. v. Industrial Acc. Comm.,* 115 Cal.App.2d 684, 689–690, 252 P.2d 649; *Regus v. Schartkoff,* 156 Cal.App.2d 382, 386–387, 319 P.2d 721.) Apropos to this rule are the following established principles: A person, by his conduct, may be estopped to rely on the statute; where the delay in commencing an action is induced by the conduct of the defendant, it cannot be availed of by him as a defense; one cannot justly or equitably lull his adversary into a false sense of security and thereby cause him to subject his claim to the bar of the statute of limitations, and then be permitted to plead the very delay caused by his conduct as a defense to the action when brought; actual fraud in the technical sense, bad faith or intent to mislead are not essential to the creation of an estoppel, but it is sufficient that the defendant made misrepresentations or so conducted himself that he misled a party, who acted thereon in good faith, to the extent that such party failed to commence the action within the statutory period; a party has a reasonable time in which to bring his action after the estoppel has expired, not exceeding the period of limitation imposed by the statute for commencing the action; and that whether an estoppel exists—whether the acts, representations or conduct lulled a party into a sense of security preventing him from instituting proceedings before the running of the statute, and whether the party relied thereon to his prejudice—is a question of fact and not of law. (*Industrial Indem. Co. v. Industrial Acc. Comm., supra,* 115 Cal.App.2d pp. 689–690, 252 P.2d pp. 652–653; *Regus v. Schartkoff, supra,* 156 Cal.App.2d pp. 386–387, 319 P.2d pp. 724–725; *Cruise v. City & County of San Francisco,* 101 Cal.App.2d 558, 562, 225 P.2d 988.). . . ."

See, generally, 53 C.J.S. Limitations of Actions, § 25; 51 Am.Jur.2d, Limitation of Actions, § 431, et seq.; Annotation, Estoppel—Statute of Limitations, 44 A.L.R.3d 482; and Annotation, Statute of Limitations—Negotiations, 39 A.L.R.3d 127.

While a finding of equitable estoppel—which would prevent resort to a statute of limitations—will, in most cases, involve questions of fact, it is apparent that in certain cases this determination will become a matter for the courts. See, *Alley v.*

*Dodge Hotel,* 179 U.S.App.D.C. 256, 551 F.2d 442, cert. den. 431 U.S. 958, 97 S.Ct. 2684, 53 L.Ed.2d 277, reh. den. 433 U.S. 916, 97 S.Ct. 2992, 53 L.Ed.2d 1103; and *Arthur L. Larsen Company, Inc. v. Shefner,* 27 Ill.App.3d 562, 327 N.E.2d 257. This is particularly true when there is no promise of settlement, or where there is conduct not ostensibly relied upon. *Alley v. Dodge Hotel, supra.* Also, the mere pendency of negotiations during the period of a statute of limitations, which are conducted in good faith with a view to ultimate compromise, is not of itself sufficient to establish an estoppel. *Arthur L. Larsen Company, Inc. v. Shefner, supra; Krupa v. Kelley,* 5 Conn. Cir. 127, 245 A.2d 886, 890; *Fletcher v. Dozier,* Fla.App., 314 So.2d 241, 242; and *Nyitrai v. Bonis,* 266 Md. 295, 292 A.2d 642, 644–645.

## FACT QUESTIONS

Appellant calls attention to a series of circumstances which purportedly indicate questions of material fact on the question of whether an estoppel is present, namely: (1) that the parties were brothers; (2) that there were promises of settlement shortly before the expiration of the statute of limitations; and (3) that the suit was filed shortly after the statutory period expired. In response, appellee contends that the parties were merely involved in settlement negotiations—which were rejected prior to expiration of the statutory period—and he emphasizes that appellant was represented by an attorney.

■■■ Critical to our disposition of this appeal is the absence of any evidence from which it could be inferred that the appellee made any statement or conducted himself in a manner calculated to lull appellant into a reasonable belief that his claim would be settled without suit. While there was a last-minute settlement negotiation—as often occurs in lawsuits—appellant admits that he rejected appellee's suggestion. Similar express or implicit rejections of settlement proposals occurred throughout the statutory period. As a result, there is no permissible inference that appellant relied on appellee's offers in failing to timely bring this action. Nor was there a showing that appellee held out any inducements not to file suit or indicated that the statute of limitations would not be pleaded. *Nyitrai v. Bonis, supra.* A potential defendant has no duty to remind a claimant that the statute of limitations is running. *Fletcher v. Dozier, supra;* and *Krupa v. Kelley, supra.* In this case—even in light of actual or constructive knowledge that the statute would run on October 25, 1976—appellant made a demand for $30,000.00 and set the reply deadline for a date *after* which the statute would have run. Unfortunately, appellant unwisely held out hope for settlement too long. This error in judgment, however, cannot be used to avoid an otherwise valid defense asserted by one who, in good faith, attempted to amicably settle a controversy.

It is appellant's burden to show an estoppel to prevent the running of the limitation period. See, *Hawkeye-Security Insurance Co. v. Apodaca,* Wyo., 524 P.2d 874. Having failed to satisfy this burden, as a matter of law, summary judgment was properly entered.

Affirmed.