Jean J. **ARCHULETA** and Art Archuleta, **Appellants (Plaintiffs),**

v.

The **CITY OF RAWLINS,** a Municipal Corporation, **Appellee (Defendant).**

No. 96–211.

Supreme Court of Wyoming.

July 17, 1997.

Juan Leo DeHerrera, Rawlins, for Appellants.

Craig Kirkwood of Kirkwood & Nelson, Laramie, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN, and LEHMAN, JJ.

LEHMAN, Justice.

Appellants (Archuleta) appeal the grant of summary judgment in favor of appellee City of Rawlins (City). We affirm.

Archuleta articulates the issue:

Can the Doctrine of Equitable Estoppel be asserted as a bar to the Statute of Limitations contained in the Wyoming Governmental Claims Act?

The City phrases the issues:

Is equitable estoppel available to plaintiffs as an exception to the Wyoming Governmental Claims Act?

Did the district court abuse its discretion in finding that no basis existed to establish an equitable estoppel in this case?

*FACTS*

Archuleta was injured in an automobile accident when her car was rear-ended by a vehicle operated by a city employee in the employee's course of employment. The Wyoming Governmental Claims Act, § 113, requires an injured party to present a claim to the government entity within two years; § 114 bars actions against a government entity unless the claimant commences an action within one year after the date the claim is filed. W.S. 1–39–101 through –120.

Archuleta filed a claim with the city manager on April 7, 1994. No further contact was made with the City until mid-February and early March 1995. In each instance the City Attorney requested that Archuleta delay filing her complaint until he could review the claim. With one week remaining before the

statute of limitations expired, Archuleta's attorney again contacted the City Attorney. Conceding that he still had not yet reviewed the case for settlement, he again requested that Archuleta delay in filing the complaint. On April 10, 1995, three days after the statute of limitations had run, the City Attorney informed Archuleta's counsel that the insurance company would not make a settlement offer, that the Local Government Insurance Pool would handle her case, and that Archuleta should file her complaint.

Archuleta proceeded to file her complaint, whereupon the City filed a motion to dismiss asserting the statute of limitations as an affirmative defense. The district court conducted an unreported hearing; and, unwilling to convert the City's motion to dismiss to a motion for summary judgment based upon the proceedings up to that point, the court entered an order denying the City's motion. The City filed a motion to reconsider on which the court held another unreported hearing. The court then entered an Order Granting Summary Judgment in favor of the City. This timely appeal follows.

### DISCUSSION

■ We accord no deference to the district court in our review of summary judgment. *See, e.g., Loghry v. Unicover Corp.,* 927 P.2d 706, 709 (Wyo.1996). The movant has the burden of demonstrating that no genuine issues as to any material fact exist and that the movant is entitled to judgment as a matter of law. *Id.* Summary judgment is improper where a material issue of fact exists as to whether equitable estoppel applies. *Olson v. A.H. Robins Co.,* 696 P.2d 1294, 1299 (Wyo.1985). However, we have stated that

> [w]hile a finding of equitable estoppel which would prevent resort to a statute of limitations will, in most cases, involve questions of fact, it is apparent that in certain cases this determination will become a matter for the courts. This is particularly true when there is no promise of settlement, or where there is conduct not ostensibly relied on.

*Turner v. Turner,* 582 P.2d 600, 602–03 (Wyo.1978) (citations omitted).

■ In granting summary judgment in favor of the City, the district court found that the facts of this case did not meet the elements of equitable estoppel and that no basis existed for applying equitable estoppel to the governmental claims act. It is well-established that we may affirm a correct judgment of the district court for any reason which the law justifies. *See, e.g., Taylor v. Estate of Taylor,* 719 P.2d 234, 241 (Wyo.1986). Accordingly, we address only whether the facts of this case establish a basis for equitable estoppel.

■ In order to establish equitable estoppel, "[t]he delay in filing the action must be induced by the defendant; the defendant must have misled the plaintiff; and the plaintiff must have acted on the misinformation in good faith to the extent that he failed to pursue his action in a timely manner." *Taylor,* 719 P.2d at 240 (*citing Turner v. Turner,* 582 P.2d 600, 602 (Wyo.1978)). *See also Cranston v. Weston County Weed & Pest Bd.,* 826 P.2d 251, 256 (Wyo.1992). We have further explained that "[w]here the defendant has superior knowledge of the facts necessary to make out a cause of action and fraudulently conceals those facts or misrepresents them to the detriment of the plaintiff, equitable estoppel applies to prevent the statute of limitations from being a defense." *Olson,* 696 P.2d at 1299.

■ The facts in this case are insufficient to establish estoppel because, while Archuleta may have been induced by the City Attorney's request for delay in filing, the City Attorney in no way misled Archuleta or concealed facts to her detriment. *See Cranston,* 826 P.2d at 256–57. The City Attorney's requests to delay filing were admittedly based on his failure to attend to the claim. He did not have superior knowledge of the facts necessary to make out Archuleta's claim. Archuleta's counsel asserts that he believed that the City Attorney was representing the insurance company when he requested that Archuleta delay filing. Even assuming *arguendo* that this assertion is correct, the City Attorney made neither a promise of settlement nor a promise not to assert the statute of limitations as an affirmative

defense. *See Turner,* 582 P.2d at 602–03. Thus, given these facts, no basis for equitable estoppel exists.

Affirmed.