**SILIAGA SU`A, as guardian ad litem for TA`ATU SU`A, a minor, Plaintiff**

**v.**

**PROGRESSIVE INSURANCE COMPANY (PAGO PAGO) and TUSI FA`ATASIGA, Defendants**

High Court of American Samoa
Trial Division

CA No. 25-02

January 23, 2004

Before KRUSE, Chief Justice, LOGOAI, Chief Associate Judge, and MAMEA, Associate Judge.

Counsel: For Plaintiff, Tauivi Tuinei
For Defendants, Jeff Waller

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Defendants Progressive Insurance Company (Pago Pago) Limited ("Progressive"), John Tausaga ("Tausaga"), and Tusi Fa`atasiga ("Fa`atasiga") (collectively "Defendants") move, pursuant to T.C.R.C.P. 56(c), for summary judgment on the claims of Plaintiff Siliaga Su`a ("Siliaga"). Siliaga brings this action as guardian ad litem for her minor child, Ta`atu Su`a ("Ta`atu"). For the reasons stated below, we grant the motion.

## Factual Background

In June 1999, Ta`atu, a minor, was struck and injured by a mini *aiga* bus in the Tafuna area. The bus was owned by Fa`atasiga, driven by Tausaga, and insured by Progressive.

On October 7, 1999, this Court appointed Siliaga as guardian ad litem for Ta`atu in order "to pursue his claim for injuries he received from an automobile accident."[1] Rather than file the complaint immediately, Siliaga delayed filing her complaint until March 27, 2002.

## Standard of Review

■ Summary judgment is appropriate when the pleadings and other

---

[1] Defendants filed but withdrew a previous motion for summary judgment in order to confirm that the Court order appointing Siliaga as guardian ad litem was designed to protect her son's interests resulting from the June 1999 accident. The parties do not dispute that the Court's appointment in October of 1999 was, in fact, to protect Ta`atu's interests resulting from this accident. (*See, e.g.,* Pl.'s Opp'n. at 2-4; Defs.' Mem. in Supp. of Summ. J. at 3, Ex. A.)

supporting documents "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." T.C.R.C.P. 56(c). The party seeking summary judgment bears the burden of showing there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The non-moving party must then affirmatively show there is a genuine issue for trial. *Id.* at 324. Under T.C.R.C.P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." In considering the motion, "all inferences are construed in a light most favorable to the non-moving party." *American Samoa Power Auth. v. Nat'l Pac. Ins. Co.*, 30 A.S.R.2d 145, 146-47 (Trial Div. 1996); *see also Pal Air Int'l, Inc. v. Porter*, 30 A.S.R.2d 104, 105 (Trial Div. 1996).

## Discussion

Defendants argue that the statute of limitations expired on Siliaga's claim in October 2000, one year after she was appointed guardian ad litem for Ta'atu.[2] We agree. According to A.S.C.A. § 43.0126, "[m]inors . . . shall have 1 year from after the termination of such disability within which to commence any action regardless of any otherwise applicable limitation period." In *Pasesa v. Laumatia*, 28 A.S.R.2d 37 (Trial Div. 1995), we found that the appointment of a guardian ad litem terminates the minor's disability for the purposes of the statute of limitations. *Id.* at 42. We reached this conclusion after carefully analyzing and distinguishing the statutes of several other jurisdictions. *Id.* at 39-42.

Thus, in this case, the one year statute of limitations began to run on October 7, 1999, when Siliaga was appointed guardian ad litem to

[2] Defendants failed to raise the statute of limitations as an affirmative defense in their answer. However, Plaintiff failed to argue that Defendants forfeited the defense by excluding it from their answer. Under these circumstances, we find it appropriate to allow Defendants' statute of limitations defense. *See, e.g., Grant v. Preferred Research, Inc.*, 885 F.2d 795, 797-98 (11th Cir. 1989) (finding the statute of limitations defense was not forfeited because it was raised in a motion for summary judgment and plaintiff was not prejudiced by delay); *Emmons v. S. Pac. Transp. Co.*, 701 F.2d 1112, 1118 (5th Cir. 1983) (allowing statute of limitations to be raised at trial when it was not included in the pre-trial order, when the plaintiff failed to object to its introduction at trial). In any event, Defendants could seek leave to amend their answer to include the defense. We see no reason to delay the motion when Plaintiff has not suffered any prejudice nor argued that Defendants forfeited the defense.

protect Ta`atu's interests relating to the accident. Siliaga's March 27, 2002 filing of the complaint is undoubtedly outside the limitations period. Accordingly, Defendants' motion for summary judgment should be granted.

Plaintiff does put forth two arguments in an attempt to excuse her dilatory filing. First, Plaintiff argues that she thought a personal injury action had been initiated when she was appointed guardian ad litem. She argues that she was unaware that it was necessary to file a separate complaint. (Pl.'s Opp'n at 2-3.) In support of this contention, her previous attorney, Salanoa Aumoeualogo ("Salanoa"), in his affidavit states,

> [t]hat at the time I filed the petition for appointment of a guardian ad litem, I was under the belief that that was the beginning of the civil action in [sic] behalf of the minor child. I was not aware of any rule or law which allows for a separate case in [sic] behalf of a minor child. I truly thought that the filing for a guardian ad litem was indeed the beginning of legal action in [sic] behalf of a minor child.

(Salanoa Aff. at 5, Oct. 2, 2003; *see also Id.* at 9 ("I am not aware of any law or rules that would allow for a separate filing of a petition to appoint a guardian ad litem from a petition to file [sic] action in [sic] behalf of an injured child.")) Plaintiff argues that she filed her complaint only after settlement discussions with the Defendants failed, "thinking all along that this matter had bee [sic] previously filed with the court when a guardian ad litem was appointed." (Pl.'s Opp'n at 3.)

■■■ Plaintiff's attorneys are responsible for familiarizing themselves with the local rules and procedures before practicing in this Court. It is inconceivable that Plaintiff's former attorney thought that Plaintiff's appointment as guardian ad litem initiated a personal injury suit against the Defendants. Likewise, it is incredible that Plaintiff's current attorney put this argument forth in the response to Defendants' motion for summary judgment as a valid, supportable legal submission. The language of the order appointing Siliaga as guardian ad litem indicated that the appointment was made so Siliaga could "pursue [Ta`atu's] claim for injuries he received from an automobile accident." In addition, the petition for appointment did not list the parties or the claims or meet the basic requirements necessary to initiate a legal action under the Trial Court Rules of Civil Procedure.[3] Plaintiff's attorney's unjustifiable failure to follow these rules is no excuse for the tardy filing of Ta`atu's

---

[3] The rules provide, among other things, that "[a] civil action is commenced by filing a complaint with the court." T.C.R.C.P. 2.

claims.

Moreover, Plaintiff's excuse that her former attorney thought the appointment of the guardian actually initiated the filing of the personal injury action makes no sense in light of the fact that Plaintiff eventually did file a lawsuit against the Defendants. Why would Plaintiff file another lawsuit regarding the same claims if she legitimately thought the action was already pending in this Court? Plaintiff does not even attempt to explain this inconsistency. Plaintiff's first argument has no merit.

Plaintiff's second argument for why the statute of limitations should not bar Ta`atu's claims is equally unpersuasive. Plaintiff argues that the Defendants should be equitably estopped from asserting the statute of limitations defense because they "misled plaintiffs [sic] into believing that settlement was a reality and that there would be no trial of this matter." (Pl.'s Opp'n at 4.) Equitable estoppel can sometimes prevent the application of the statute of limitations. *See, e.g., Archuleta v. City of Rawlins*, 942 P.2d 404, 405 (Wyo. 1997).

Plaintiff cites *Archuleta* and *Turner v. Turner*, 582 P.2d 600 (Wyo. 1978), as support for this argument. Notably, in both of these cases, summary judgment was granted for the defendants because the courts found equitable estoppel did not apply to preclude the statute of limitations defense. *Archuleta*, 942 P.2d at 406; *Turner*, 582 P.2d at 603. In *Turner*, the Court noted, "the mere pendency of negotiations during the period of a statute of limitations, which are conducted in good faith with a view to ultimate compromise, is not of itself sufficient to establish an estoppel." 582 P.2d at 603. Plaintiff's allegations that Defendants engaged in settlement negotiations does not indicate that Defendants acted in bad faith.[4] Absent any evidence that Defendants acted in bad faith, Defendants are allowed to assert the statute of limitations defense.[5]

Unfortunately, the victim in this case is the minor Ta`atu. His rights were not adequately protected. Although Ta`atu can no longer pursue this action against these Defendants, perhaps he can find relief elsewhere.

---

[4] Plaintiff argues that discovery took place before the filing of the complaint. Plaintiff has offered no evidence of formal discovery or deposition prior to the filing of the complaint. In any event, Defendants' request for documents or other discovery does not excuse Plaintiff's failure to file within the statute of limitations.

[5] In fact, we encourage parties to settle their claims out of court. Punishing the Defendants for engaging in good-faith settlement negotiations is counterproductive.

# Order

Defendants' motion for summary judgment is granted.

It is so ordered.