2008 WY 150

Roger SWINNEY, Carol Swinney, RA Swinney, LLP, A Colorado Entity, and CE Swinney, LLC, A Wyoming Entity, Appellants (Plaintiffs),

v.

James E. JONES, III, Lynne A. Lovelace, Laurel Miller Lunstrum, Cathleen A. Jones, Hilltop National Bank as Trustee, R.M. Whalen MD, PC PSP Trust, Aurla J. Welo, Anthony G. Ingram and Robert P. Ingram, Appellees (Defendants).

No. S–07–0176.

Supreme Court of Wyoming.

Dec. 17, 2008.

Representing Appellants: John H. Robinson, Jamieson & Robinson, LLC, Casper, Wyoming.

Representing Appellees, James E. Jones, III, Lynne A. Lovelace, Laurel Miller Lunstrum, Cathleen A. Jones and Aurla J. Welo: Kendal Royce Hoopes, Yonkee & Toner, LLP, Sheridan, Wyoming; Peter C. Nicolaysen, Nicolaysen & Wilking, PC, Casper, Wyoming.

Representing Appellees, Anthony G. Ingram and Robert P. Ingram: Douglas R. McLaughlin, Casper, Wyoming; Mary Bell Guthrie, Cheyenne, Wyoming.

Representing Appellee, Hilltop National Bank as Trustee, R.M. Whalen MD, PC PSP Trust: Stuart R. Day, Williams, Porter, Day & Neville, PC, Casper, Wyoming; Argument for all Appellees by Mr. Day.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellants (Sellers) filed suit against Appellees (Buyers) alleging breach of a real estate sales contract. In response, Buyers sought dismissal and judgment on the pleadings asserting that the claims were barred by the applicable statute of limitations. The district court granted the motions. Sellers appeal, contending that the doctrine of equitable estoppel precludes Buyers from asserting the statute of limitations as an affirmative defense. We affirm.

## ISSUE

[¶ 2] Did the district court err in determining that Sellers' claims are barred by the ten-year statute of limitations set forth in Wyo. Stat. Ann. § 1–3–105(a)(i) (LexisNexis 2007)?

## FACTS

[¶ 3] On April 7, 1992, Elaine Erganbright entered into a contract for the sale of real estate to James Jones and Robert Ingram. In that contract, Ms. Erganbright agreed to convey a portion of the land she owned. She retained ownership to a contiguous parcel of real estate. As part of the agreement, easements were to be provided by Buyers to Sellers.[1] With regard to the easements, the agreement stated:

Purchaser shall provide to Seller the following:

A. Purchaser agrees to allow Seller an 80 foot roadway and utility easement within 225 feet of the northwest and abutting the northern side of the Ardon Addition from Country Club Road to the East boundary of Section 13, T33N, R79W of the 6th PM, Natrona County, Wyoming. The exact location of the easement shall be determined at the time of platting of the said lands. Easement shall be basically a straight

---

1. According to the complaint, title of the land was transferred at closing from Ms. Erganbright to Mr. Jones and Mr. Ingram, as well as three other persons, as partners and tenants in common. The partnership later expanded to include the remaining named Buyers in this case. Sellers now hold Ms. Erganbright's property interest and contract rights.

roadway with exact location provided to Seller within 12 months of the closing date.

B. The Purchaser further agrees to existing and required utility easements along the north and south side of Country Club Road from the center line of Wyoming Blvd. to [Seller's] property.

C. Purchaser agrees to right of ingress and egress easement across Purchaser's property to the Seller's existing ranch roadway which is in the SW¼ SW¼ Section 13, T33N, R79W of the 6th PM[,] Natrona County, Wyoming.

D. Purchaser shall also agree to provide to Seller utility easements that may become necessary along Wyoming Boulevard and the easterly boundary of said lands described in Exhibit "A". Said easements shall be large enough for utility and/or roadway construction and maintenance and of a size approved by the City of Casper.

E. All easements provided above shall transfer to assigns or heirs.

F. All locations and sizes of easements are subject to any laws, rules and regulations of the City of Casper or any other governmental agencies.

G. To the knowledge of Seller, Seller warrants at the time of closing that there are no existing written or unwritten agreements that will negatively affect the value of said parcels.

The sale closed on September 15, 1992, and title was transferred to Buyers at that time. No easements were conveyed by Buyers to Sellers at closing nor were any provided within twelve months of the closing date. Nearly fourteen years after the closing, on August 18, 2006, Sellers initiated this litigation by filing a complaint alleging that Buyers had breached the contract because they failed to convey the required easements. Buyers answered the complaint and asserted as an affirmative defense that the complaint was barred by the applicable statute of limitations. Buyers also alleged that the easements were null and void pursuant to Wyo. Stat. Ann. § 34–1–141. Buyers then filed motions pursuant to W.R.C.P. 12 [2] requesting dismissal of the complaint because it was barred by the ten-year statute of limitations set forth in Wyo. Stat. Ann. § 1–3–105(a)(i).[3] Buyers also relied upon Wyo. Stat. Ann. § 34–1–141 and contended in their motions that the easements referenced in the agreement were of no force and effect because the specific descriptions of the easements were not recorded within one year of the agreement.

[¶ 4] In response, Sellers alleged that the doctrine of equitable estoppel prevented Buyers from asserting the statute of limitations as an affirmative defense. They also filed a motion to amend the complaint seeking to allege additional facts supporting their contention that the doctrine of equitable estoppel applied. In the complaint and the amended complaint, Sellers alleged that Buyers first breached the agreement when they sold a tract of land in 2001, and further breached the agreement when they platted a portion of the property in 2003 without reserving the required easements. They alleged that they first learned in 2005 that the sale and platting did not contain a reservation of easements. Upon discovering this fact, Sellers alleged that they asked Buyers to comply with their contractual obligations to convey the easements. In November 2005, Buyers conveyed several easements to Sellers but, according to Sellers, the easements did not meet the contractual requirements. Sellers also specifically alleged that "[o]n numerous occasions from 1992 until 2002, representatives of [Buyers] asked [Sellers] for more time to complete the platting

---

**2.** Buyers Anthony and Robert Ingram filed a Motion for Judgment on the Pleading pursuant to W.R.C.P. 12(c). Buyers James Jones, III, Lynne Lovelace, Laurel Miller Lunstrom, Cathleen Jones, Aurla Welo, and Hilltop National Bank moved for dismissal pursuant to W.R.C.P. 12(b)(6).

**3.** Wyo. Stat. Ann. § 1–3–105(a) states:

Civil actions other than for the recovery of real property can only be brought within the following periods after the cause of action accrues:

(i) Within ten (10) years, an action upon a specialty or any contract, agreement or promise in writing[.]

and convey the easements," and that they "assured [Sellers] that the easements would be provided when platting and sale occurred."

[¶ 5] The district court held a motion hearing on May 7, 2007. The court ruled that the limitation period on Sellers' cause of action began to run on September 15, 1993, one year after the closing date of the original land sale. It also denied Sellers' motion to amend the complaint. The court reasoned that amending the complaint would be futile because, even assuming the truth of all of Sellers' allegations, the limitations period had elapsed prior to commencement of the suit in 2006. The court did not explicitly address Sellers' claim of equitable estoppel. Sellers timely appealed.

### STANDARD OF REVIEW

[¶ 6] We review motions to dismiss pursuant to W.R.C.P. 12(b)(6) and motions for judgment on the pleadings pursuant to W.R.C.P. 12(c) similarly. Our review is *de novo,* and we employ the same standards and examine the same materials as the district court. We accept the facts alleged in the complaint as true and view them in the light most favorable to the non-moving party. Dismissal is appropriate only if it is certain on the face of the complaint that the plaintiff cannot assert any facts that create entitlement to relief. *Dowlin v. Dowlin,* 2007 WY 114, ¶ 6, 162 P.3d 1202, 1204 (Wyo.2007); W.R.C.P. 12(b)(6); *Ecosystem Res., L.C. v. Broadbent Land & Res., L.L.C.,* 2007 WY 87, ¶ 8, 158 P.3d 685, 687 (Wyo.2007); W.R.C.P. 12(c). *See also* 5C Wright & Miller, *Federal Practice and Procedure* Civil § 1368, at 238 (3d ed. 2004). When interpreting pleadings, we have said that they "must be liberally construed in order to do justice to the parties." *Johnson v. Aetna Cas. & Sur. Co. of Hartford, Conn.,* 608 P.2d 1299, 1302 (Wyo. 1980). "The plaintiff need only plead the operative facts involved in the litigation so as to give fair notice of the claim to the defendant." *Id.* A dismissal based upon the statute of limitations is proper when the complaint clearly demonstrates that the action is barred. *Simon v. Teton Bd. of Realtors,* 4 P.3d 197, 200 (Wyo.2000).

### DISCUSSION

[¶ 7] Wyo. Stat. Ann. § 1–3–102 provides that "[c]ivil actions can only be commenced within the periods prescribed in this chapter" unless a different limitation is prescribed by statute. The parties agree that the statute of limitations applicable to this case is Wyo. Stat. Ann. § 1–3–105(a)(i), which provides a ten-year limitation period for actions based upon a written contract. We have explained the purpose of statutes of limitation as follows:

> Statutes of limitation have existed in the jurisprudence of the United States and the State of Wyoming for some time. *Duke v. Housen,* 589 P.2d 334, 340 (Wyo.1979). "They are pragmatic devices to save courts from stale claim litigation and spare citizens from having to defend when memories have faded, witnesses are unavailable by death or disappearance and evidence is lost." *Id. See also Rawlinson v. Cheyenne Bd. of Pub. Utilities,* 2001 WY 6, ¶ 9, 17 P.3d 13, [16] (Wyo.2001). The very purpose of a statute of limitations is to require diligence and prevent parties from sleeping on their rights.

*Nuhome Investments, LLC v. Weller,* 2003 WY 171, ¶ 11, 81 P.3d 940, 945 (Wyo.2003).

[¶ 8] In an action founded upon the breach of a written contract, the limitation period begins running when the breach occurs. It is at this time that the cause of action accrues. *Richardson Associates v. Lincoln–Devore, Inc.,* 806 P.2d 790, 802 (Wyo.1991). The land sale closing occurred on September 15, 1992. The district court determined that the limitation period began, at the latest, one year later. In making that determination the district court relied upon the language of the contract and upon Wyo. Stat. Ann. § 34–1–141(c) (LexisNexis 2005) which stated:

> For purposes of this act [section] an easement or agreement which does not specifically describe the location of the easement or which grants a right to locate an easement at a later date shall be valid for a period of one (1) year from the date of execution of the easement or agreement.

If the specific description is not recorded within one (1) year then the easement or agreement shall be of no further force and effect.

Essentially, the district court determined that, based upon the contractual language and giving proper effect to the mandates of Wyo. Stat. Ann. § 34-1-141(c), the latest date that could be utilized to begin the running of the limitation period based upon breach of contract for failure to convey the easements was one year after the date of closing. Accordingly, the latest possible date of the breach, and the date on which the limitation period began to run, was September 15, 1993. Sellers filed the complaint on August 18, 2006, which was more than ten years after the alleged breach occurred.

[¶ 9] On appeal, Sellers do not dispute the district court's conclusion that the limitation period expired on September 15, 2003. Rather, they contend that Buyers should be estopped from asserting the statute of limitations as a defense under the theory of equitable estoppel. The elements of an equitable estoppel claim are as follows: "The delay in filing the action must be induced by the defendant; the defendant must have misled the plaintiff; and the plaintiff must have acted on the misinformation in good faith to the extent that he failed to pursue his action in a timely manner." *Taylor v. Est. of Taylor*, 719 P.2d 234, 240 (Wyo. 1986).

[¶ 10] We discussed the doctrine of equitable estoppel in *Archuleta v. City of Rawlins*, 942 P.2d 404 (Wyo.1997). In *Archuleta*, the plaintiff was injured in an auto collision with a car driven by an employee of the city of Rawlins. The plaintiff filed a claim with the city manager as required by the Wyoming Governmental Claims Act. The plaintiff contacted the city attorney three times prior to the expiration of the limitation period. In each case, the city attorney requested that the plaintiff delay filing suit because he had not reviewed the claim for possible settlement. Three days after the limitation period had run, the city attorney informed the plaintiff that a settlement offer would not be made. *Archuleta*, 942 P.2d at 405-06.

[¶ 11] After the plaintiff filed her complaint, the city asserted the statute of limitations as an affirmative defense. The district court granted summary judgment in the city's favor. We affirmed, holding that there were insufficient facts to establish equitable estoppel. We stated: "Archuleta may have been induced by the [c]ity [a]ttorney's request for delay in filing, [but] the [c]ity [a]ttorney in no way misled Archuleta or concealed facts to her detriment." *Id.* at 406. We explained that the city attorney "did not have superior knowledge of the facts necessary to make out Archuleta's claim," and that the city attorney did not make a "promise of settlement [or] a promise not to assert the statute of limitations as an affirmative defense." *Id.* at 406-07. We have addressed several claims of equitable estoppel prior to our decision in *Archuleta*, and each time we affirmed the trial court's determination that equitable estoppel did not preclude assertion of the applicable statute of limitations as a defense. *Turner v. Turner*, 582 P.2d 600, 603 (Wyo.1978) (no evidence that defendant acted to lull plaintiff into a reasonable belief that matter would be settled without suit); *Olson v. A.H. Robins Co.*, 696 P.2d 1294, 1299 (Wyo.1985) (where defendant made no representations to plaintiff, defendant was not estopped from asserting the statute of limitations); *Taylor*, 719 P.2d at 240 (decedent's promise to fairly treat plaintiff not an inducement to delay filing suit).

[¶ 12] When we apply the *Archuleta* analysis to the allegations contained in Sellers' complaint, and proposed amended complaint, and after giving those allegations all reasonable and fair inferences that can be drawn from those allegations, we reach the same conclusion as the district court. The allegations are insufficient to support Sellers' contention that Sellers have alleged a sufficient factual basis to preclude Buyers from asserting the statute of limitations as an affirmative defense. Sellers did not allege that Buyers had any superior knowledge of the facts necessary to establish breach of the contract. Sellers did not allege that Buyers ever promised that they would not assert the statute of limitations as a defense. Sellers did not allege that Buyers concealed any facts that would have prevented Sellers from realizing

that a breach had occurred within one year after the agreement had been executed. The fact that the easements were not provided by that date was known by all parties.

[¶ 13] Sellers did not originally contend that equitable estoppel prevented Buyers from asserting the statute of limitations. Rather, their position was that no breach occurred until Buyers sold and platted portions of the land in 2001 and 2003, respectively. Indeed, although Sellers asserted equitable estoppel in a pleading, they did not argue that theory to the district court during the motion hearing. They instead contended that the breach did not occur until 2001 at the earliest. Sellers no longer maintain that position on appeal, effectively conceding that the breach occurred on September 15, 1993.

[¶ 14] The allegations of the complaint, and the amended complaint, reflect that Sellers knew or should have known that the breach of contract occurred on September 15, 1993. Pursuant to Wyo. Stat. Ann. § 1–3–105(a)(i), they had ten years to initiate litigation. Sellers failed to bring their lawsuit within that time period. Their complaint and amended complaint clearly demonstrate that the action is barred by the applicable statute of limitations.

[¶ 15] Affirmed.