In the Matter of the **ESTATE** of **E. C. STEVENSON, Deceased.**
**Vesta STEVENSON, Appellant (Petitioner below),**

v.

**Prentiss HALL, Executor of the Estate of E. C. Stevenson, Deceased, Appellee (Respondent below).**

No. 3685.

Supreme Court of Wyoming.

Oct. 15, 1968.

---

Henry A. Burgess, Sheridan, for appellant.

Otis Reynolds, of Reynolds & Hughes, Sundance, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Vesta Stevenson, widow of E. C. Stevenson, deceased, has appealed from an order of the district court of Crook County. The order denied her motion to vacate a former decree of distribution. Prentiss Hall, executor of the estate of decedent, is the respondent.

Appellant states the estate of decedent was duly administered by the executor and no difficulties arose until the petition for distribution was filed. Vesta Stevenson, the widow, then filed objections specifying:

"That no distribution should be made from the estate of the decedent of any large sums of cash or property until such time as the United States Estate Tax Return has been accepted as filed by the appropriate federal taxing authorities * * *."

The widow's objections were not filed within the time specified in the notice of final settlement, and the probate court ordered such objections stricken on the ground that they had not been timely filed. The court then entered a Decree of Settlement of Accounts and Distribution, which among other things provided:

"It is further Ordered, Adjudged and Decreed that the executor retain in his hands the sum of $10,000.00 out of which he shall pay any additional assessment made by the United States Internal Revenue Service in connection with the es-

tate tax return and to pay the tax, if any, upon the fiduciary return to be filed or any other taxes that may be properly levied and assessed against said estate * * *."

Inasmuch as the widow had elected to take against the will of decedent, homestead and exempt property and one-fourth of the net estate (as computed in the settlement) were set over to her. Accordingly, $2,500 of the $10,000 retained by the executor was withheld from the widow's share.

Two years and eight months after the decree of distribution was entered, a settlement was made on the amount of additional federal estate taxes to be paid. The settlement was for $12,862.58. This sum was paid by applying the $10,000 held for that purpose by the executor, with contributions from some of the heirs to make up the difference. No additional contribution has been made by Vesta Stevenson, the widow. Immediately after settlement was made of the additional federal taxes, appellant filed her motion to vacate the decree of distribution.

As we understand the argument made on behalf of appellant, it is that exemptions allowed for a widow, in computing the federal estate tax, cut down appreciably the total amount of federal estate taxes which had to be paid. Counsel for the widow says other devisees under the will got the benefit of savings from the widow's exemptions, to the extent of approximately $16,000. The widow therefore sought to have the earlier decree of distribution vacated so that the probate court could and would apportion the entire federal tax.

Provisions pertaining to the apportionment of federal estate taxes are contained in the Uniform Estate Tax Apportionment Act of this state, §§ 2–336 to 2–346, W.S. 1957, 1967 Cum.Supp. Section 2–341(a) and (b) provides that, in making an apportionment, allowances shall be made for any exemptions granted; and any exemption or deduction allowed by reason of the relationship of any person to the decedent

shall inure to the benefit of the person bearing such relationship.

■ The widow in this case was not given the benefit of whatever exemption or deduction was allowed for the widow. In that respect the distribution made was erroneous. As far as the decree of distribution is concerned, however, there was no appeal from it and no timely action to vacate or set it aside. The decree therefore became final and res judicata.

But it does not necessarily follow that the widow is without remedy, if she can show causes of action accrued to her against some of the distributees of the estate when settlement of the federal estate tax was made.

There are several provisions in the act having to do with the right of one who has had to pay the tax to "recover" from any person interested in the estate the amount of tax apportioned to such person. See § 2–339(d) and § 2–340(a). Section 2–340(b) seems to be apropos. It specifies, if property held by the fiduciary is distributed prior to final apportionment of the tax, the distributee shall provide security for the apportionment liability.

Here, distribution was made prior to final apportionment of the tax and security was required and provided. The only trouble is, according to claims now asserted by the widow, the security provided by some of the distributees was not adequate to cover their shares. We may not at this time decide whether this inadequacy of security affects the right of the widow to recover from other distributees any of their apportionment which has been paid from funds belonging to the widow.

As far as the proceedings now before us are concerned, we are called upon only to say whether the court should have entered an order vacating its decree of distribution which was entered some two years and eight months prior to the motion for vacation. A similar question was presented in the case of In re Buckhantz' Estate, 159 Cal.App.2d 635, 324 P.2d 317, 324.

In that case the court found the decree was clearly erroneous with respect to provisions having to do with estate and inheritance taxes. Yet the court said: "However, as seen from the authorities cited, an erroneous decree of distribution is as final and conclusive as a decree that contains no error." At 324 P.2d 322, this was said to be true even though the record itself shows that the decree is erroneous.

■ It was pointed out in the *Buckhantz* opinion, at 324 P.2d 324, that a final determination of the estate tax had not been made when the decree of distribution was made. The court said this was of no consequence. That fact does not in any way detract from the finality and conclusiveness of the decree. The decree became final irrespective of whether a final determination of the estate tax had been made. We see no reason why the same holding should not be made in the case before us.

■ The fundamental aim of probate procedure is that there should be a speedy settlement and adjudication of rights in the property of a decedent, to the end that those entitled to share therein may have the full benefit of the rights which the law gives them at the earliest moment consonant with due process and orderly procedure. In re Mayne's Estate, Wyo., 345 P. 2d 790, 795.

■ That aim was accomplished in this instance. In the absence of appeal or other timely action to challenge the settlement and distribution made by the decree of distribution, the courts have no power to take back what has been already distributed. It would be hard to imagine how much money and property has been spent or disposed of by distributees, and there would be no way to undo what has been done in the probate proceeding. Jurisdiction of the probate court over the property administered and distributed terminates with rendition of the decree of distribution. 4 Bancroft's Probate Practice (2nd Ed.) § 1163, pp. 461–463.

In Rubeling v. Rubeling, Wyo., 406 P.2d 283, 284, we said the doctrine of res judi-cata is a rule of universal law pervading every well-regulated system of jurisprudence. The doctrine arises through public policy and necessity, it being in the interest of the state that there should be an end to litigation.

Also, in the probate matter of In re Kokesh's Estate, Wyo., 360 P.2d 368, 371, we had occasion to say all heirs who did not appeal had acquiesced in the decree of the district court; and as to them the decree of the court was res judicata. This court, we said, had no authority to disturb or interfere with a matter which has become res judicata.

Appellant has shown us no statute or rule, which she claims to be applicable to the circumstances of this case, which would authorize the distribution in probate to be vacated after two years and eight months from entry of the decree. On the other hand, there is every reason to hold the decree is res judicata, and the order denying appellant's motion to vacate the decree of distribution was proper.

■ Section 2–194, W.S.1957, provides the settlement of the account and allowance thereof by the court or judge, or upon appeal, is conclusive against all persons not under legal disability in any way interested in the estate. Thus, the rendition of a final account by the executor and allowance thereof by the court were by statutory declaration conclusive against appellant.

In effect, it is argued on behalf of the widow that the decree of distribution did not settle the rights of all persons interested in the estate. Such argument appears to be based upon the fact that the executor, subsequent to the decree, continued to function as such in that he retained control over certain property and made interim reports to the court with respect thereto.

It is true, of course, that the executor for a short period of time subsequent to the decree, did have control of all of the assets of the estate. We fail to see, however, the significance of such fact on the

question of the finality of the decree which clearly settled the rights of the heirs, devisees and legatees.

An executor or administrator of an estate is duty bound to continue with the functions of his office until such time as he is discharged. Section 2–234, W.S. 1957; 4 Bancroft's Probate Practice (2nd Ed.) § 1179, p. 502, and § 1184, p. 510. Necessarily, certain administrative duties are imposed upon him by the decree of distribution and must be performed before he is entitled to discharge. Nevertheless, the authorities pertinent to probate proceedings seem to be unanimous in holding that such fact does not detract from the finality of the decree on all questions settled by the decree and properly before the court. In fact, the widow must have recognized this rule when she undertook to have the decree set aside on the basis that an "irregularity" had occurred in the settlement of her rights for the reason federal estate taxes had not been properly apportioned.

■ The precise question before us on the finality of the decree of distribution is simply this: Did the fact that the executor retained control of the sum of $10,000—the amount withheld for the tax contingency and which was the only remaining asset of the estate in the hands of the executor after the decree of distribution—detract from the finality of such decree? We think not.

■ It was proper for the court to make provision for the tax contingency in the decree. 4 Bancroft Probate Practice (2nd Ed.) § 1126, p. 404. In Schirmer v. Lyback, 193 Cal.App.2d 807, 14 Cal.Rptr. 700, 703, where the administrator was permitted to retain funds to be used for the payment of further or additional taxes, the court of appeal stated such arrangement "did not prevent the decree from being a final decree of distribution as of * * * the date it was signed and filed."

■ When the decree which settled and distributed the estate of E. C. Stevenson was not timely challenged for the judicial

error now asserted on behalf of appellant, in connection with federal estate taxes, such decree became final and res judicata. The probate court was not at liberty to set it aside.

Affirmed.

PARKER, J., dissenting.