Harry L. TAYLOR, Appellant
(Petitioner),

v.

ESTATE OF Gilbert B. TAYLOR, Robert L. Morrison and Weston R. Barker, Executors and Individually; Reba Taylor, Ginger Walker, Gilbert Darin Taylor, Jolynne Hill, Gay Ann Perez, Melanie Jean Halford and Kimberly Kennedy, Appellees (Respondents).

No. 85–64.

Supreme Court of Wyoming.

May 23, 1986.

Richard J. Mulligan, Jackson, for appellant (petitioner).

Timothy O. Beppler, Vehar, Beppler, Jacobson, Lavery & Rose, P.C., Evanston, for appellee (respondent), Weston R. Barker.

George S. Andrews, Andrews, Andrews & Boal, Evanston, for appellee (respondent), Reba Taylor.

Harry L. Harris, Harris & Harris, Evanston, for appellees (respondents), Ginger Walker, Gilbert Darin Taylor, Jolynne Hill, Gay Ann Perez, Melanie Jean Halford and Kimberly Kennedy.

Before THOMAS, C.J., BROWN, CARDINE and ROONEY,* JJ., and RAPER, J., Retired.

THOMAS, Chief Justice.

The key issue upon which the resolution of this case depends is whether the appellees are estopped from asserting applicable statutes of limitations in defending against the appellant's claims. The basis for the asserted estoppel is fraud on the part of some of the appellees and the predecessors in interest of others. There are incidental issues with respect to the jurisdiction of the district court in a collateral attack upon a will; the applicability of particular statutes of limitations; the propriety of an order dismissing the appellant's case with prejudice; and the identity of proper parties in an action collaterally attacking a probate proceeding on the grounds of fraud. The district court properly dismissed the appellant's complaint with prejudice because his claims are barred by the statutes of limitations, and the asserted estoppel does not inhibit the reliance upon those statutes of limitations by the appellees. We affirm the order of the trial court dismissing this case with prejudice.

We take as true the material facts alleged in the complaint in reviewing an order of dismissal. *Lewis v. State Board of Control,* Wyo., 699 P.2d 822 (1985); *Carbon County School District No. 2 v. Wyoming State Hospital,* Wyo., 680 P.2d 773 (1984); *Moxley v. Laramie Builders, Inc.,* Wyo., 600 P.2d 733 (1979). It is alleged that Bertha L. Taylor, the mother of Harry L. Taylor, the appellant, and Gilbert B. Taylor, died in 1967.[1] An instrument purporting to be the Last Will and Testament of Bertha L. Taylor was admitted to probate in April of 1968, and the time has expired for appealing from that order. Gilbert B. Taylor was appointed to serve as executor of the Estate of Bertha L. Taylor; the estate has been closed; and the time for appealing the order of distribution from that estate has expired. The instrument purporting to be the Last Will and Testament of Bertha L. Taylor was a forged instrument drawn and executed by Gilbert B. Taylor or someone else after the death of Bertha L. Taylor. Gilbert B. Taylor

---

* Retired November 30, 1985.

1. Counsel for the appellant conceded at the time of hearing of the motions to dismiss that the correct date was 1968.

received all of the property of the Estate of Bertha L. Taylor except for $20,000.

In September of 1983 Gilbert B. Taylor died, and his will was admitted to probate in October of 1983. Robert L. Morrison and Weston R. Barker were appointed to be and served as the personal representatives of the Estate of Gilbert B. Taylor. In that capacity Weston R. Barker, the survivor of the personal representatives, at the time of the filing of the complaint in this case, was about to make final distribution to the remainder of the appellees, Reba Taylor, Ginger Walker, Gilbert Darin Taylor, Jolynne Hill, Gay Ann Perez, Melanie Jean Halford and Kimberly Kennedy who were the heirs of Gilbert B. Taylor. The gravamen of the complaint in this case is that Gilbert B. Taylor committed a malicious and intentional act of fraud against the appellant by forging the instrument which was represented to be the Last Will and Testament of Bertha L. Taylor. This conduct is alleged to have prevented the appellant from receiving his share of the assets of the Estate of Bertha L. Taylor.

The complaint was met by a battery of motions to dismiss. The first was filed by the appellee, Weston R. Barker, and it asserted failure to state a claim against the defendant upon which relief could be granted together with the bar of §§ 1–3–105(a)(iv)(D), 2–6–301, 2–6–306, 2–7–706, and 2–7–718, W.S.1977. This motion also asserted lack of jurisdiction over the subject matter which was alleged to be exclusively within the probate court. In a separate motion Weston R. Barker moved for the dismissal of the action as to the Estate of Gilbert B. Taylor and as to Robert L. Morrison on the grounds that any action against the estate should be maintained by or against the personal representative and that Robert L. Morrison was deceased. Next the appellees who are the heirs of Gilbert B. Taylor other than Reba Taylor filed a motion to dismiss asserting lack of jurisdiction over the subject matter and failure to state a claim upon which relief could be granted. Finally, Reba Taylor moved for an order dismissing the action in which she asserted lack of jurisdiction over the subject matter, failure to state a cause of action, and the bar of the statutes of limitations. It is clear from a brief filed in support of their motion to dismiss that the failure to state a claim asserted by the heirs other than Reba Taylor also was premised upon a reliance upon the appropriate statutes of limitations. After the motions to dismiss had been filed the appellant moved to substitute the personal representative of the Estate of Robert L. Morrison as a party to the proceedings. The court held a hearing on the motions to dismiss, and it ultimately entered an order of dismissal which found generally that all the motions to dismiss should be granted and ordered that the petition and complaint be dismissed with prejudice.

This appeal is taken from that order. Against this factual background the appellant asserts the following issues to be resolved:

"THE DISTRICT COURT INCORRECTLY DISMISSED APPELLANT'S COMPLAINT FOR FAILURE TO STATE A CLAIM FOR FRAUD UPON WHICH RELIEF CAN BE GRANTED.

"a. THE DISTRICT COURT COMMITTED ERROR WHEN IT DISMISSED APPELLANT'S COMPLAINT WITH PREJUDICE.

"b. THE PROPER RELIEF SHOULD HAVE BEEN TO ALLOW THE APPELLANT TO AMEND THE COMPLAINT PURSUANT TO RULE 15(a).

"2. THE APPELLEES ARE ESTOPPED, DUE TO FRAUDULENT CONDUCT, FROM ASSERTING THE STATUTES OF LIMITATION AS A DEFENSE TO THE ACTION.

"3. THE DISTRICT COURT HAD JURISDICTION OF THE SUBJECT MATTER OF THIS ACTION; TO WIT, AN ACTION CAN BE MAINTAINED ATTACKING A PROBATE PROCEEDING UNDER WHICH A FINAL DISTRIBUTION HAS BEEN MADE.

"4. APPELLEES, ESTATE OF GILBERT TAYLOR AND ESTATE OF ROBERT MORRISON, ARE PROPER

PARTIES TO THIS ACTION IN THAT CAUSES OF ACTION FOR FRAUD AGAINST APPELLEES SURVIVE DEATH."

The several appellees have differing statements of the issues. G.D. Taylor, Hill, Perez, Halford, Walker and Kennedy submit:

"I. DID APPELLANT EXERCISE REASONABLE DILIGENCE IN ASCERTAINING WHETHER HE HAD A CAUSE OF ACTION FOR FRAUD PRIOR TO EXPIRATION OF THE FOUR (4) YEAR PERIOD OF LIMITATION ALLOWED UNDER SECTION 1-3-105(a)(iv)(D).

"II. WHETHER BY VIRTUE OF GILBERT B. TAYLOR'S FIDUCIARY RELATIONSHIP, EITHER HE OR HIS ESTATE IS PERMANENTLY ESTOPPED FROM PLEADING THE STATUTE OF LIMITATIONS OR LACHES AS A DEFENSE.

"III. DOES THE DISTRICT COURT, THIRD JUDICIAL DISTRICT IN AND FOR UINTA COUNTY, WYOMING, HAVE JURISDICTION OF THE SUBJECT MATTER OF THIS ACTION?"

Reba Taylor presents this proposition:

"APPELLANT'S CLAIM IS BARRED AS A MATTER OF LAW BECAUSE APPELLANT FAILED TO COMMENCE AN ACTION WITHIN THIRTY DAYS AFTER RECEIVING NOTICE THAT HIS CLAIM AGAINST THE ESTATE HAD BEEN REJECTED, AS REQUIRED BY WYOMING STATUTE 2-7-718 (1977)."

Weston R. Barker raises these questions:

"I. WHETHER THE DISTRICT COURT ERRED IN DISMISSING APPELLANT'S PETITION AND COMPLAINT WITH PREJUDICE.

"II. WHETHER THE ESTATES OF GILBERT B. TAYLOR AND ROBERT L. MORRISON ARE PROPER PARTIES TO THIS ACTION."

The trial court was correct in ordering the dismissal of the petition and complaint with prejudice if the appellant's action is barred by the statutes of limitations asserted by the appellees. We conclude that the appellant's action was barred by the statutes of limitations unless the appellees were estopped from raising them as a defense to the appellant's claims. Under Wyoming law the appellees were not estopped, and we therefore need not decide the questions relating to the identity of the parties and the jurisdiction of the district court.

A summary of the requirements of the several statutes of limitations which have some application is appropriate. When Bertha L. Taylor's will was admitted to probate the statutes provided that any interested person could at any time within six months after such probate contest the same or the validity of the will, § 2-83, W.S.1957. Section 2-89, W.S.1957, provided that if no person contested the probate or the validity of the will within six months the probate of the will would be conclusive. The concession of the appellant that the time had expired for him to attack the will of Bertha L. Taylor and the proceedings for the probate of her estate is accurate.

In attempting to pursue recovery from the personal representatives of the Estate of Gilbert B. Taylor, the appellant had to confront the provisions of the statutes of limitations relating to fraud. In Wyoming a four-year statute of limitations is applicable for actions based on fraud, § 1-3-105(a)(iv)(D), W.S.1977. A cause of action for fraud does not accrue until the fraud is discovered, § 1-3-106, W.S.1977. Furthermore the cause of action for fraud does survive the death of the individual accused of fraud, § 1-4-101, W.S.1977. These same statutes control a right to recover as to those claiming any interest through Gilbert B. Taylor.

In addition the requirements of the probate code must be considered in connection with the action against the personal representatives of the Estate of Gilbert B. Taylor. Section 2-7-201, W.S.1977, provides that the personal representative of a decedent shall cause notice to be published of the admission of a will or estate to probate, and the publication shall include a notice to

creditors having claims against the decedent to file them with the requisite vouchers within three months from the date of the first publication of the notice. Claims are to be filed in duplicate within that time according to § 2–7–703, W.S.1977, and are required to be supported by an affidavit that the account is justly due and no payments have been made thereon which have not been credited, § 2–7–704, W.S.1977. If the claim is based on a cause of action which survives death, the appropriate statute of limitations will be tolled from the time the claim is filed until five days after the date of the mailing of a notice of rejection of the claim by the personal representative, § 2–7–706, W.S.1977. Section 2–7–712, W.S.1977, then requires the personal representative to allow or reject the claim in writing within 30 days after the expiration of the time for filing claims. With respect to claims which are barred by the statutes of limitations, § 2–7–714, W.S. 1977, provides they shall not be allowed. The holder of a claim against an estate is inhibited from maintaining any action thereon unless the claim is first rejected by the personal representative and that rejection filed with the clerk, § 2–7–717, W.S. 1977. Section 2–7–718, W.S.1977, then provides:

"When a claim is rejected and notice given as required, the holder shall bring suit in the proper court against the personal representative within thirty (30) days after the date of mailing the notice, otherwise the claim is forever barred."

The petition and complaint filed in this case do not allege either the filing of or the rejection of a claim against the Estate of Gilbert B. Taylor. The trial court, however, was apprised, by virtue of exhibits attached to a memorandum in opposition to motions to dismiss filed by the appellant, that on January 19, 1984 the appellant had filed a properly verified claim in the Estate of Gilbert B. Taylor, but which did not make any claim relating to the fraud asserted in the petition and complaint. Apparently on the same day the appellant prepared and purported to furnish to counsel for the Estate of Gilbert B. Taylor an unacknowledged document which essentially duplicated the information on the acknowledged claim. It further referred to:

"1/14 Inst granted in the said will of Edgar L. Taylor granted and ordered by Honorable Judge H.R. Christmas proscribed in said will of Edgar L. Taylor father of Harry L. Taylor."

and further:

"That heir Harry L. Taylor ask the honorable court to grant him and undivided ½ interest in all land owned by Gilbert B Taylor at the time of his death situated in Uinta County State of Wyoming."

Still no reference is made to any fraud.

The file does not disclose whether those claims were furnished and filed within three months after the date of the first publication of the notice to creditors, but it is clear that the claim was rejected on January 26, 1984, and the petition and complaint was filed on November 5, 1984. It was not filed within 30 days after the date of mailing of the notice of rejection. This action against the estate through the personal representative who survives was barred by the provisions of § 2–7–718, W.S. 1977, unless the appellant is protected by some doctrine of estoppel.

■ With respect to the general statutes of limitations, the appellees in part rely upon the doctrine of res judicata as it pertains to the probate proceedings of the will of Bertha L. Taylor. Sections 2–83 and 2–89, W.S.1957, briefly described above, set forth a general rule that decrees of distribution are final. *Matter of Kimball's Estate*, Wyo., 583 P.2d 1274 (1978); *Stevenson v. Hall*, Wyo., 473 P.2d 581 (1970). For policy reasons this general rule is strictly applied, and the effect is that the decree of distribution is final and res judicata if it is not appealed, regardless of any errors in the decree. *Pike v. Markman*, Wyo., 633 P.2d 944 (1981); *Stevenson v. Hall*, supra; *In re Stevenson's Estate*, Wyo., 445 P.2d 753 (1968). The one exception to that general rule is that the decree of distribution is subject to collateral attack

on the grounds of fraud. *Pike v. Markman,* supra; *Stevenson v. Hall,* supra.

Even though we recognize a potential for collateral attack based upon grounds of fraud, the collateral attack must be brought within the time prescribed in the applicable statute of limitations which is four years, § 1–3–105(a)(iv)(D), W.S.1977. According to § 1–3–106, W.S. 1977, however, the cause of action for fraud is not deemed to have accrued until the discovery of the fraud. Appellant urges that he did not discover the fraud until January of 1984.

The difficulty in appellant's position is that the fraud which he alleges and relies upon in this case is the forgery of the will of Bertha L. Taylor. We do not know whether the appellant made any effort to determine the validity of Bertha L. Taylor's will at the time it was probated. It probably makes no difference. In *Kortz v. American National Bank,* Wyo., 571 P.2d 985 (1977), we rejected as without merit an argument that the conclusive language in the statutes did not apply if the purported defects in the will could only be discovered by an actual examination of the will as filed. The asserted forgery of Bertha L. Taylor's will was subject to discovery; it could have been raised in the proceedings for the probate of her estate; and it does not furnish any ground now to set aside her will or impair the finality of the decree of distribution. Furthermore with respect to the statute of limitations for bringing an action for fraud this court held in *Mason v. Laramie Rivers Company,* Wyo., 490 P.2d 1062, 1064 (1971):

"[T]he words 'until the discovery of the fraud' appearing in § 1–18 [now § 1–3–106, W.S.1977] mean from the time the fraud was known or could have been discovered in the exercise of reasonable diligence. They do not necessarily mean until the party complaining had actual notice of the fraud alleged to have been committed."

The appellant does not even urge the possibility that the forgery could not have been discovered in the exercise of reasonable diligence at the time that Bertha L. Taylor's will was probated, and like the corporate records involved in *Davis v. Harrison,* 25 Wash.2d 1, 167 P.2d 1015 (1946), relied upon by this court in *Mason v. Laramie Rivers Company,* supra, the will was filed in the public record and the means of knowledge was open to the appellant.

Unless the appellees were foreclosed from asserting the bar of the statutes of limitations, the trial court correctly dismissed the appellant's complaint with prejudice. His claim is barred by the four-year statute of limitations applicable to causes of action premised on fraud. This defense would be available to all the appellees. With respect to the action against the Estate of Gilbert B. Taylor, brought against his personal representative, the claim also would be barred by the 30-day provision in the probate code.

The appellant urges, however, that the appellees should be estopped from relying upon the bar of the statutes of limitations. The appellant relies upon both the essential fraudulent acts of forging and probating a forged will and also upon a promise by Gilbert B. Taylor that he would see that the appellant was fairly treated in the disposition of his own estate. Wyoming recognizes that equitable estoppel can foreclose the raising of statutes of limitations defenses. *Bauer v. State, ex rel Wyoming Worker's Compensation Division,* Wyo., 695 P.2d 1048 (1985); *Olson v. A.H. Robins Company, Inc.,* Wyo., 696 P.2d 1294 (1985); *Turner v. Turner,* Wyo., 582 P.2d 600 (1978). The alleged forgery of the will and its probate cannot estop the appellees from asserting the bar of the statutes of limitations because "[i]n order to subject a decree of final distribution or settlement to collateral attack the fraud alleged must be of a type which prevented the dissatisfied party from having had his or her day in court." *Pike v. Markman,* supra, 633 P.2d at 948, n. 1.

In *Pike v. Markman,* supra, no claim was made that the defendant had fraudulently prevented the plaintiff from raising the objections before the final set-

tlement decree was entered. In this case there is no claim that Gilbert B. Taylor did anything which prevented the appellant from discovering the forgery and raising the question in the probate proceedings. The appellant was not denied his day in court in connection with the probate proceedings by virtue of any extrinsic conduct of Gilbert B. Taylor or any other of the appellees. We hold that in asserting estoppel, as in asserting the exception for fraud to permit collateral attack of the decree of final distribution or settlement, " '[T]he fraud relied upon must be extrinsic or collateral to the issues tried in the original proceeding, that is to say, the fraud on the part of the prevailing party must have been such as deprived the unsuccessful party of a fair hearing upon the original controversy.' " *Ryan v. Plath*, 18 Wash.2d 839, 140 P.2d 968 (1943), quoting from *Farley v. Davis*, 10 Wash.2d 62, 116 P.2d 263 (1941), which in turn was quoted with approval in *Pike v. Markman*, supra, 633 P.2d at 947, 948, n. 1. The appellant must demonstrate some conduct by the appellees other than the fraud asserted with respect to the will which was probated in order to raise an estoppel of the claim of the bar of the statutes of limitations.

▇ The only extrinsic conduct alleged here is Gilbert B. Taylor's premise to provide for the appellant through his will. In *Turner v. Turner*, supra, 582 P.2d at 602, the elements required to establish the estoppel are set forth. The delay in filing the action must be induced by the defendant; the defendant must have misled the plaintiff; and the plaintiff must have acted on the misinformation in good faith to the extent that he failed to pursue his action in a timely manner. The question of whether the plaintiff has been lulled ordinarily is one of fact, but in certain cases it is one for the courts. *Olson v. A.H. Robins Company, Inc.*, supra; *Turner v. Turner*, supra. In *Turner v. Turner* the court pointed out that the defendant made no representations that he would settle the court claim without action; the plaintiff did not rely on any offers of the defendant; there was no inducement to not bring the suit within the

period of limitations; and there was no promise that the statutes of limitations would not be asserted.

All of those things essentially are true in this instance. The contention is made by the appellant that Gilbert B. Taylor told him that he would provide in his will for the appellant to receive half of the property received from Bertha L. Taylor. Beyond that there is no hint in this record that there was a promise to the appellant that if he did not investigate and file an action the generous provision would be made. Gilbert B. Taylor did not promise not to assert the statutes of limitations, and indeed, in light of the statutory inhibition against the approval of a claim which is barred by the statutes of limitations, such a promise might not survive the death of Gilbert B. Taylor. There is no indication that the appellant made an inquiry about the validity of Bertha L. Taylor's will or about the provisions in the will of Gilbert B. Taylor. As the court said in *Olson v. A.H. Robins Company, Inc.*, supra, 696 P.2d at 1300, "There being no showing that information was concealed from appellant or that facts were misrepresented to [him] and relied upon to [his] detriment, [he] cannot prevail upon equitable estoppel."

There is no indication in this instance of any mitigating factors such as those relied upon in *Bauer v. State, ex rel. Wyoming Worker's Compensation Division*, supra. In that case we relaxed general rules because the limitations period was in a worker's compensation statute which is liberally construed to protect the payment of workers' rightful claims. We permitted the appellant there to avoid the statute because of his reliance upon unintentionally misleading statements by the employer. In this instance there is no lulling conduct which has induced the appellant to postpone the bringing of his action to set aside the will of Bertha L. Taylor or to recover from Gilbert B. Taylor on the ground of fraud.

The appellant assumes that the order dismissing his petition and complaint was

premised upon his failure to plead fraud with sufficient specificity. The record equally supports the proposition that the trial court relied upon the bar of the statutes of limitations. Even if appellant is right, however, we can affirm a correct judgment of the district court for any reason which the law justifies. *Litzenberger v. Merge,* Wyo., 698 P.2d 1152 (1985); *Hurst v. State,* Wyo., 698 P.2d 1130 (1985). In this instance it is clear that the claims presented by the appellant in his complaint are barred by either the general or the probate statutes of limitations. The claim that the appellees are estopped from asserting the bar of the statutes of limitations is without merit. Under the circumstances the order dismissing the complaint with prejudice must be affirmed.